# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **NEALON LIVERPOOL,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08CV00067 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **TERRY O'BRIEN, ET AL.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*Deborah D. Wright, Washington, D.C. for Plaintiff; Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Defendants.*

The plaintiff, a federal prison inmate, sues the United States under the Federal Tort Claims Act as a result of an attack by another inmate. Because the plaintiff has not shown that the discretionary function exception to government liability does not exist in this case, I will accept the magistrate judge's recommendation and enter summary judgment for the United States.

I

The plaintiff, Nealon Liverpool, was an inmate at the United States Penitentiary Lee County ("USP Lee"), located in this judicial district. On August 25, 2006, he was attacked by another inmate in the prison's recreation yard with a sharp object, cutting his face. Liverpool says that while he was waiting for a doctor, he heard a

conversation between correctional officers about the weapon, which had been recovered. He heard them describe the weapon as "a box cutter type razor blade." (Pl.'s Aff. 3, Aug. 27, 2009.) He also heard them say that it was the same type of weapon that the attacker had been caught with a few months before and that "they [sic] must be getting them from the hobby craft shop or the C.M.S. workshop." (*Id*.)

Liverpool suffered serious injury from the attack and, represented by counsel, filed a suit for damages in this court, alleging a cause of action against the warden of USP Lee and ten "John Doe" defendants for violation of his constitutional rights pursuant to *Bevins v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("the *Bevins* action"). He also asserted a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 2671-2680 (West 2006 & Supp. 2009).

The defendants moved to dismiss the action or, in the alternative, for summary judgment. The motions were referred to the magistrate judge for report and recommendation. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). During proceedings before the magistrate judge, the plaintiff moved for leave to amend the Complaint by adding additional factual allegations and withdrawing the *Bevins* action.

After briefing and oral argument, the magistrate judge issued her report, recommending that the motion seeking leave to file an amended complaint be granted, but that summary judgment be entered in favor of the United States on the remaining FTCA claim. *Liverpool v. O'Brien*, No. 2:08CV00067, 2009 WL 3734122, at *8 (W. D. Va. Nov. 3, 2009) (Sargent, J.). The magistrate judge found that the discretionary function exception barred the plaintiff's FTCA cause of action. *Id*.

The plaintiff has filed timely objections to the magistrate judge's report, which are now ripe for determination.[1]

II

In considering the present objections, I must "make a de novo determination of those portions of the report, findings, or recommendations to which timely objection is made." Fed. R. Civil P. 72 advisory committee's note. The only portions to which Liverpool objects are the findings of the magistrate judge that (1) the United States is not liable based on the alleged "failure to follow mandatory regulations following tool control at USP Lee" (Pl's Objs. 2); and (2) the plaintiff

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

failed to file a Rule 56(f) affidavit "stating the need for discovery regarding USP Lee's policies and regulations on tool control" (*id.* at 3).

The discretionary function exception bars tort claims that stem from a federal employee's "exercise or performance or the failure to exercise or perform a discretionary duty or function." 28 U.S.C.A. § 2680(a). Whether a function is discretionary requires the court to consider whether the alleged misconduct "involves an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *see also Indem. Ins. Co. of N. Am. v. United States*, 569 F.3d 175, 180 (4th Cir. 2009). A consideration of the discretionary function exception by a court involves a two-pronged inquiry. *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991). "[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because the employee has no rightful option but to adhere to the directive." *Berkovitz*, 486 U.S. at 536. If the challenged conduct involves a discretionary choice, the statute's exception will only apply to "governmental actions and decisions based on considerations of public policy." *Id.* at 537. Under the Fourth Circuit's expansive view of the public policy requirement, the second-prong of the exception is satisfied if the discretionary choice is based upon social, political or economic policy considerations. *Hawes v. United States*, 409 F.3d 213, 219 (4th Cir. 2005).

The plaintiff has the burden of showing that the discretionary function exception does not apply. *Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005).

As to the first issue, Liverpool relies on a regulation of the Bureau of Prisons providing that "Class AA tools must be removed from the institution at the end of each work day, or stored in a combination locked safe in a Class AA tool room, the Armory, or turned into the Control Center." Bureau of Prisons Program Statement 5500-12, ch. 2, § 201.1.a (2003). Class AA tools are identified as including "metal cutting blades." *Id.* § 201.1.a(1). However, it is clear, as shown by the defendant's proof, that "metal cutting blades" means blades that can cut metal, and not, as assumed by Liverpool, blades made of metal, such as razor blades. (Wilson Aff. Jan. 26, 2010.)

The plaintiff is also mistaken concerning the magistrate judge's finding as to a Rule 56(f) affidavit. The magistrate judge did note that Liverpool had failed to file such an affidavit, but that statement was with reference to Liverpool's claim—not raised here—that his attacker should not have been allowed out of his housing unit while Liverpool's housing unit was involved in a move. *See* 2009 WL 3734122, at \*6. As to USP Lee's tool control policies, the United States has shown that in obedience to an order of the magistrate judge, it provided Liverpool's counsel with

copies of the relevant documents relating to tool control, including policies regarding the prison's hobby craft shop. (Defs.' Reply to Pl's Obj., Ex. 1.)

The United States disclaims any knowledge of how and why Liverpool's attacker obtained a razor blade in advance of the attack. Other than Liverpool's assertion concerning a correctional officer's speculation in that regard, Liverpool has no such knowledge. While the fact that prisoners are given access under certain circumstances to razor blades may increase the chances of untoward use, the United States is not liable for the exercise of such discretionary judgments. *See Graham v. United States*, No. CIV. A. 97-1590, 2002 WL 188573, at *4 (E.D. Pa. Feb. 5, 2002) (holding that inmate victim of razor blade attack had no claim under FTCA by virtue of the discretionary function exception), *aff'd*, 47 F. App'x 198 (3d Cir. 2002) (unpublished).

III

For the foregoing reasons, the plaintiff's objections will be overruled and the magistrate judge's report and recommendations will be fully accepted. A separate judgment will be entered herewith.

DATED: March 18, 2010

/s/ JAMES P. JONES
Chief United States District Judge